IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:12-809-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MAURICE ANDERSON | ) | |
| _____ | ) | |

This matter is before the court on the defendant's second[1] *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018[2] and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 130). The defendant does not rely upon any medical or other family situation as the basis for his motion. Instead, he contends that his sentence is unconstitutional and, as a result, this creates an extraordinary and compelling circumstance to justify his release.

The government has responded in opposition, arguing that the defendant's claim of sentencing error is not an extraordinary and compelling reason for release and that the § 3553(a) factors strongly weigh against the defendant's release. The defendant replied to the government's response.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which

---

[1] The defendant's first motion for compassionate release based on his alleged medical conditions was filed on January 21, 2021. This court denied the motion without prejudice until such time as the defendant exhausted his administrative remedies (ECF No. 736). The defendant sought home confinement under the CARES Act in his request to the Warden.

[2] Pub. L. 115-015 (S. 756), 132 Stat. 015 (Dec. 21, 2018).

1

follow, the defendant's motion is respectfully denied.

STANDARD OF REVIEW

"A sentencing court may not, as a general matter, 'modify a term of imprisonment once it has been imposed.' " *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)). Compassionate release is an exception to this rule that permits the sentencing court to reduce a defendant's sentence "if it finds that ... extraordinary and compelling reasons warrant such a reduction" and the reduction aligns with "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable" as well as "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(I) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals are to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so.

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court first finds that (i) extraordinary and compelling reasons warrant such a reduction; and

2

(ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A)." As a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230); *see also, Kibble*, 992 F.3d at 331.

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Also, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. As set out in *McCoy*, because there is no applicable policy statement governing

compassionate release motions filed by defendants under § 3582(c)(1)(A), district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

*Exhaustion of Administrative Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on their behalf. The defendant may file a motion with the court after (1) fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), *see also United States v. Ferguson*, 55 4.th 262 (4th Cir. 2022).

Here, the government does not challenge whether administrative remedies have been satisfied by the defendant. The government notes that BOP counsel has advised that the defendant has requested compassionate release and more than 30 days have passed since the same. Thus, the court will proceed to review the matter on the merits.

DISCUSSION

*Procedural History*

On October 18, 2012, a federal grand jury returned an Indictment charging the defendant with conspiring to distribute cocaine and marijuana, as well as other drug-related charges. On January 16, 2013, the grand jury returned a Superseding Indictment which added money laundering charges.

The government filed an Information (ECF No. 295) pursuant to 21 U.S.C. § 851 notifying the defendant that he would be subject to increased penalties as provided by 21 U.S.C. §§ 841(a)(1) and 851 based on his prior felony conviction in federal court for conspiracy to possess with intent to distribute crack and attempted possession with intent to distribute cocaine.[3]  In particular, this predicate conviction subjected the defendant to a mandatory minimum term of 10 years on Count 1.

After his arrest, the defendant signed a proffer agreement with the government, which required the defendant to submit to a polygraph test because the government believed he was minimizing his involvement in the cocaine distribution.  The defendant failed the polygraph. Thereafter, on February 19, 2013, a federal grand jury returned a separate Indictment (3:13-137-JFA, D.S.C.), which charged the defendant with obstructing justice by making false statements to law enforcement.

---

[3]  The defendant was convicted on August 19, 1999 and sentenced to a term of imprisonment of 135 months, later reduced to 78 months.  (CR No. 3:98-847-JFA, D.S.C.)

On May 3, the defendant pleaded guilty in a written Plea Agreement (ECF No. 344) to the drug conspiracy charge (lesser included offense of Count 1) in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B); and to conspiracy to launder drug proceeds (Count 8) in violation of 18 U.S.C. §1956(h).  In signing the Plea Agreement, the defendant agreed to cooperate fully and truthfully with the government, and he agreed to submit to a polygraph examination if the government so requested.  The defendant also agreed that the government would be released from its obligations under the Plea Agreement if he refused to take the polygraph examination or failed it.

In return, the government stipulated and agreed to a sentence of 12 years (144 months) incarceration, followed by an 8-year term of supervision. Paragraph 19 of the Plea Agreement stated as follows:

> The Government and the Defendant complies with ALL the terms of this Agreement, the appropriate sentence in this case is a sentence of 12 years (144 months) incarceration, followed by a eight year term of supervised release. It is understood that the parties will agree to and advocate for this sentence unless the Government files a motion for downward departure (which assumes the defendant both complies with all terms of the plea agreement and the defendant provides assistant that the Government deems substantial.)—and in that event, the parties agree that the Defendant can receive a sentence of less than the term specified above. The parties also agree that if the Defendant so complies and the Court rejects this sentence (12 years followed by 8 years supervised release, with a possible lesser sentence if a 5Kl.l motion is filed) was the appropriate disposition, the defendant will be allowed to withdraw his plea of guilty. Fed.R.Crim.P. 11(c)(l)(C).

(ECF No. 344 at 10–11).

After the defendant pleaded guilty, the United States Probation Office (USPO) prepared a Presentence  Investigation Report (PSR) (ECF No. 503).  The PSR noted that on

Count 1, the defendant was held accountable for 3,000 kilograms or more of marijuana, but less than 10,000 kilograms, resulting in a base offense level of 34. On the same Count, he received a 2-level enhancement for maintaining a premises for distributing a controlled substance, and he received an addition 2-level enhancement for obstructing justice. The resulting offense level for Count 1 was 38. On Count 8, the base offense level was 36. He received a 2-level enhancement for violating 18 U.S.C. § 1956, and he received another 2-level enhancement for obstruction. The resulting offense level for Count 8 was 40. The PSR provided that the defendant's total offense level was 40, which called for a guideline range of 360 months to life imprisonment.

Both the government and the defendant objected to the PSR. The government contended that the defendant should receive a 3-level reduction for acceptance of responsibility, and the defendant filed a similar objection, along with other objections not currently relevant.

On November 20, 2013, the defendant appeared for sentencing before this court. The government asserted that the defendant had breached his plea agreement by practicing law without a license. The defendant was allegedly assisting fellow inmates with legal issues and charging at least one inmate for these services. The defendant denied this conduct, but subsequently failed a polygraph examination. The government argued that the failed polygraph was another example of the defendant's breach of the Plea Agreement.

The court heard testimony and agreed that the defendant had breached the Plea Agreement. The court determined that it was unnecessary to decide the issue of whether the

defendant had criminally practiced law without a license. It determined that his denial and subsequent failure of the polygraph examination were sufficient and clear violations of the Plea Agreement. Thus, the court sentenced the defendant to 264 months—which was less than the 360 months to life Guideline range noted in the PSR.

The defendant subsequently appealed his conviction and sentence. However, because the Plea Agreement contained a waiver of the right to appeal his conviction or sentence, the government moved to dismiss the appeal, and the Fourth Circuit Court of Appeals granted such motion on June 6, 2014.

On March 13, 2015, the defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging both ineffective assistance of counsel and prosecutorial misconduct. The defendant alleged that counsel was ineffective for (1) failing to object to the court's finding that he breached his plea agreement; (2) failing to renew the objection to the court's refusal to reduce the sentence for acceptance of responsibility; and (3) failing to properly advise him about the terms of the Plea Agreement. Additionally, the defendant alleged that the government engaged in prosecutorial misconduct because it entered into a plea agreement that it intended to violate.

In its order of January 5, 2018 (ECF No. 632), this court found that the defendant's claims in his § 2255 were unsupported by the record, and granted summary judgment to the government. The defendant filed an appeal of the denial, however, the Fourth Circuit Court of Appeals affirmed this court's decision in its mandate of October 24, 2018 (ECF No. 672).

In July 2022, the defendant filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2) which this court denied (ECF No. 738). Therein, the defendant claimed he had newly discovered evidence to contradict the government's position that he lied about assisting other inmates with legal work, thereby breaching his plea agreement, and forfeiting his stipulated sentence negotiated in his plea agreement pursuant to Rule 11(c)(1)(C). In its order denying relief, this court found that the defendant's motion was, in essence, a successive collateral review petition because the defendant's prior § 2255 motion on similar issues had already been adjudicated in 2018.

The defendant is presently incarcerated at FCI Oakdale. His original sentence of 264 months was reduced by this court in March 2018 to 235 months pursuant to Amendment 782 of the U.S. Sentencing Guidelines. The defendant has served approximately 125 months of his 235-month sentence and his projected release date is November 23, 2028.

In his reply to the government's response, the defendant has provided a listing of the educational courses, at least 40 to date, that he has completed while at the BOP. Neither the defendant nor the government has provided the court with a report listing any disciplinary infractions while the defendant has been incarcerated.

*Motion for Compassionate Release*

On August 8, 2022, the defendant filed the present motion for compassionate release (ECF No. 740). As indicated earlier, the defendant does not base his compassionate release motion upon medical conditions in general or the ongoing COVID-19 pandemic. Rather, he contends that "reasonable jurists will agree that if a defendant and the government entered

9

into a Rule 11(c)(1)(C) deal for 12 years and the agreement was accepted by the court, and the defendant received 22 years, this would be considered to qualify as extraordinary and compelling circumstances." Essentially, the defendant contends that his sentence is unconstitutional.

In his argument, the defendant cites to the Supreme Court case of *Hughes v. United States*, 138 S.Ct. 1765 (2018). He contends that a district court has three options when considering a Rule 11(c)(1)(C) or "Type C Agreement," that is, the court can either accept, reject or defer on the agreement. Defendant states that the court accepted the plea agreement specifying the agreed upon sentence of 12 years, but then at sentencing imposed a greater sentence of 22 years. He also alleges that his 8th Amendment right to be free from cruel and unusual punishment has been violated due to this over-sentencing.

The government argues that the defendant has failed to establish an extraordinary or compelling reason to support compassionate release. The government relies on the recent Fourth Circuit case of *United States v. Ferguson*, 55 F.4th 262 (4th Cir. Nov. 29, 2022). In *Ferguson*, the Court held that a claimed sentencing error, such as what the defendant raises here, fails as a matter of law to qualify as an extraordinary and compelling reason for compassionate release. Instead, a defendant must collaterally attack his sentence via the exclusive method in 28 U.S.C. § 2255. *Ferguson* held that where specific statutes already afford avenues for relief for claims of sentencing errors, a defendant must pursue the same through those statutes, and not through a motion for compassionate release. *Ferguson* unanimously rejected that a defendant's arguments attaching the validity of his convictions

10

or sentence can qualify as an extraordinary and compelling reason for compassionate release.

Morever, the fact that a defendant may be procedurally barred from raising his arguments in a § 2255 motion does not qualify as an extraordinary and compelling reason for compassionate release. Indeed, this court has already reviewed the defendant's claimed sentencing errors in his previous § 2255. As a result, if the defendant were to properly pursue this same claim again under § 2255, it would be considered successive and would require permission from the Fourth Circuit Court of Appeals to file.

CONCLUSION

After carefully considering the applicable law, the arguments of the parties, and the record before it, the court has conducted an individualized analysis and concludes that the defendant has not met his burden of establishing that he has an extraordinary and compelling reason such that he is eligible for release under § 3582(c)(l)(A). As the court finds no extraordinary and compelling reason, it is not necessary for the court to address the § 3553(a) factors. Accordingly, the defendant's motion for compassionate release (ECF No. 740) is denied.

IT IS SO ORDERED.

April 25, 2023                                 Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge